UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 06-930(RMC) ) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant United States Department of Agriculture ("Defendant" or "USDA"), by and through its undersigned attorneys, hereby answers Plaintiff's First Amended Complaint upon information and belief as follows.

**First Defense**

Plaintiff fails to state a claim upon which relief can be granted.

**Second Defense**

Defendant reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

**Third Defense**

Plaintiff is not entitled to attorney fees and costs.

**Fourth Defense**

In response to the numbered paragraphs to Plaintiff's Complaint, Defendant admits, denies, or otherwise states as follows:

1. The allegations contained in paragraph 1 constitute Plaintiff's characterizations of this action to which no response is required; to the extent a response is otherwise deemed to be required, Defendant denies that it improperly withheld records under the Freedom of Information Act, 5 U.S.C. § 552.

2. The allegation contained in paragraph 2 constitutes Plaintiff's characterization of the Court's jurisdiction in this action to which no response is required; to the extent a response is otherwise deemed to be required, Defendant denies.

3. Defendant admits the first sentence of paragraph 3. However, Defendant lacks sufficient information or belief to determine the truth of the remaining allegations in this paragraph, and therefore, to the extent a response is deemed to be required, the allegations are denied.

4. Defendant denies the allegation contained in the seventh sentence in paragraph 4 that USDA has a pattern and practice of routinely withholding the factual portions of witness statements and affidavits that are gathered as a part of investigations under the Animal Welfare Act and the Humane Methods of Livestock Slaughter Act. As for the remaining allegations contained in paragraph 4, Defendant lacks sufficient information or belief to determine the truth of them, and therefore, to the extent a response is deemed to be required, they are denied.

5. Defendant admits that USDA is an agency of the United States and that it has possession of and control over the information requested by Plaintiff. Defendant, however, denies the remaining allegations contained in paragraph 5.

6. The allegation contained in paragraph 6 contains conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, the statute itself is the best evidence of its contents.

7. The allegation contained in paragraph 7 contains conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, the statute itself is the best evidence of its contents.

8. The allegation contained in paragraph 8 contains conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, the statute itself is the best evidence of its contents.

9. The allegation contained in paragraph 9 contains conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, the statute itself is the best evidence of its contents.

10. The allegation contained in paragraph 10 contains conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, the statute itself is the best evidence of its contents.

11. The allegation contained in paragraph 11 contains conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, the statute itself is the best evidence of its contents.

12. The allegation contained in paragraph 12 contains conclusions of law to which no response is required; to the extent a response is otherwise deemed to be required, the statute itself is the best evidence of its contents.

13. Defendant admits the first, second, and third sentences of paragraph 13. Defendant further avers that USDA has provided Plaintiff with witness statements in redacted form, which were withheld in full initially. As for the remaining allegations contained in paragraph 13, Defendant lacks sufficient information or belief to determine the truth of them, and therefore, to the extent a response is deemed to be required, they are denied.

14. Defendant admits that Plaintiff filed a Freedom of Information Act ("FOIA") appeal with USDA on January 18, 2006. The allegations contained in the remainder of paragraph 14 constitute Plaintiff's characterization of its FOIA appeal to USDA, which document speaks for itself and is the best evidence of its contents.

15. Defendant admits that Plaintiff filed a Freedom of Information Act ("FOIA") appeal with USDA on January 18, 2006. The allegations contained in paragraph 15 constitute Plaintiff's characterization of its FOIA appeal to USDA, which document speaks for itself and is the best evidence of its contents.

16. Defendant admits that Plaintiff submitted a FOIA request on June 28, 2005, seeking a copy of a final report concerning an incident involving Roy Horn. As to the second sentence of this paragraph, defendant admits only that it conducted an investigation, avers that the USDA regulations are the best evidence of their contents, and lacks sufficient information to admit or deny the remaining allegations in this paragraph.

17. Defendant admits paragraph 17. Defendant further avers that USDA has provided Plaintiff with redacted copies of the affidavits referenced therein since the filing of this action.

18. Defendant admits that Plaintiff filed a FOIA appeal regarding the partial denial of its FOIA request on September 7, 2005. The remaining allegations contained in paragraph 18

constitute Plaintiff's characterization of its FOIA appeal to USDA, which document speaks for itself and is the best evidence of its contents.

19. Defendant admits paragraph 19.

20. Defendant admits the first two sentences of paragraph 20. The remaining allegations of paragraph 20 are Plaintiff's characterizations of the USDA response to its FOIA request, which document speaks for itself and is the best evidence of its contents.

21. Defendant admits that Plaintiff filed a FOIA appeal on February 16, 2006, of the USDA partial denial of its September 7, 2005, FOIA request. The remaining allegations contained in paragraph 21 are Plaintiff's characterizations of its February 16, 2006, FOIA appeal, which document speaks for itself and is the best evidence of its contents.

22. Defendant lacks sufficient information or belief to determine the truth of Plaintiff's allegations in the first sentence of paragraph 22 that said request was the fourth request to USDA. However, Defendant admits that on October 26, 2005, PETA submitted a FOIA request to USDA seeking a copy of the USDA Office of Inspector General's report of the investigation of AgriProcessors, Inc. The allegations stated in the second and third sentences of paragraph 22 are admitted. Defendant denies the allegation in the fourth sentence of paragraph 22 and avers that the witness statements were protected from release by Exemptions (b)(6) and (7)(C) of the FOIA in addition to Sections 552a(j)(2) and (k)(2) of the Privacy Act.

23. Defendant admits that Plaintiff filed a FOIA appeal on March 24, 2006. The remaining allegations contained in paragraph 23 are Plaintiff's characterizations of its March 24, 2006 FOIA appeal, which document speaks for itself and is the best evidence of its contents.

24. Defendant admits that at the time that Plaintiff filed its complaint, USDA did not resolve the appeals at issue. Defendant further avers that USDA did resolve the appeals in July 2006.

25. Defendant denies paragraph 25.

26. Defendant denies paragraph 26.

27. Defendant denies paragraph 27.

28. Defendant denies paragraph 28.

29. Defendant denies paragraph 29.

30. Defendant denies paragraph 30.

31. Defendant denies paragraph 31.

The remainder of Plaintiff's complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed to be required, Defendant denies that Plaintiff is entitled to relief sought in the Complaint, or to any relief whatsoever.

Defendant denies each and every allegation in the complaint that it has not expressly admitted or to which it has not responded that it has insufficient information to admit or deny the allegations.

WHEREFORE, having fully answered, Defendant respectfully requests this Court to enter judgment in Defendant's favor, dismiss Plaintiff's complaint in its entirety with prejudice, and grant Defendant costs, and such additional relief as the Court may deem appropriate.

Respectfully Submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


/s/ Rudolph Contreras /dvh
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
Of Counsel:                    BEVERLY M. RUSSELL, D.C. Bar #454257
Karen Carrington, Esq.         Assistant United States Attorney
R. Michael Ching, Esq.         U.S. Attorney's Office for the
U.S. Department of Agriculture    District of Columbia, Civil Division
                               555 4th Street, N.W., Rm. E-4915
                               Washington, D.C.  20530
                               Ph:  (202) 307-0492
                               Fax: (202) 514-8780
                               E-mail: beverly.russell@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing *Defendant's Answer to First Amended Complaint* was sent by the Court's Electronic Case Filing System, this 11th day of August, 2006 to:

Erin M. Tobin, Esq.
Katherine A. Meyer, Esq.
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C.  20009
erintobin@meyerglitz.com
katherinemeyer@meyerglitz.com

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney