UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF AGRICULTURE,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civ. Action No. 06-00930 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT RULE 16.3 REPORT

Pursuant to the Court's August 18, 2006 Scheduling Order, the parties represent that they have conferred on the matters set forth in the Court's Scheduling Order and in Local Civil Rule 16.3, and submit the following joint report to the Court.

### The Parties' Claims and Defenses

Plaintiff brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, challenging the United States Department of Agriculture's ("USDA") withholding of records concerning its investigations of four separate incidents under the Animal Welfare Act and other statutes governing the humane treatment of animals.  At issue are four requests for information under the FOIA: (1) an April 6, 2005 request concerning the death of two elephants with the Culpepper and Merriweather Circus; (2) a June 28, 2005 request concerning a tiger attack on Las Vegas performer Roy Horn; (3) an August 15, 2005 request concerning a gun bullet distributor and its shooting of pigs to test bullets; and (4) an October 25, 2005 request concerning a

slaughter facilities' violations of the Humane Methods of Livestock Slaughter Act.

In its Complaint, plaintiff sought the release of affidavits and statements the USDA had taken from non-federal witnesses, federal investigators and inspectors – which the USDA had withheld in their entirety – and challenged what plaintiff believes to be a relatively new pattern and practice of withholding such material under Exemptions 6 and 7(C) of the FOIA. Plaintiff also sought the release of a CD-rom recording of a telephone call from an informant, withheld in response to plaintiff's June 28, 2005 FOIA request, and the release of "all agency records," in response to its April 6, 2005 request. Regarding the latter, documents were released in mid-July to plaintiff.

In response to the filing of the Complaint, defendant released the affidavits and statements at issue in plaintiff's Complaint, but redacted from the released material the names of federal investigators and inspectors. With respect to plaintiff's August 15, 2005 FOIA request concerning the gun bullet distributor's shooting of live pigs, the USDA appears to have redacted the identity of the state in which the shootings at issue occurred. In addition, by letter dated July 17, 2006, defendant represented to plaintiff that it would be releasing material responsive to plaintiff's April 6, 2005 FOIA request by the end of August. However, defendant now takes the position that this representation does not apply to this request. In any event, to date, plaintiff has only received from the USDA a redacted version of the investigation report, which, in plaintiff's view, is not "all agency records," as sought by plaintiff in its April 6, 2005 FOIA request.

Accordingly, although the withholding of the affidavits and statements in their entirety is no longer at issue in the case, there remain several issues that need to be resolved: (1) plaintiff's pattern and practice claim; (2) redaction of the identities of federal investigators and inspectors

from the released affidavits and statements; (3) withholding of records that are responsive to plaintiff's April 6, 2005 request; (4) withholding of the CD-rom recording, pertaining to plaintiff's June 28, 2005 FOIA request, and (5) withholding from an affidavit of the identity of the state in which occurred the pig shootings at issue in plaintiff's August 15, 2005 request.

In defense, defendant relies on Exemptions 6 and 7(C) of the FOIA – the personal privacy exemptions – to protect the requested material from disclosure. Defendant also claims that plaintiff's pattern and practice claim is moot, because the USDA has now released the affidavits and statements at issue, and is only withholding the names and identifying information of individuals referenced in those documents. Defendant also alleges that the USDA does not have a pattern and practice of withholding affidavits that it has taken from non-federal witnesses and federal investigators and inspectors during the course of its investigations.

### Rule 16.3 Responses

With regard to the specific items set forth in Rule 16.3, the parties state as follows:

1. The parties agree that the case is likely to be disposed of either by settlement, in full or in part, or by dispositive motion.

2. The parties do not anticipate the joinder of any additional parties or the amendment of any of the pleadings. The parties anticipate that some of the factual and legal issues may be agreed upon or narrowed, and are in the process of discussing a stipulation to address some of the relevant issues. The parties will submit any such stipulation to the Court by September 31, 2006.

3. The parties agree that the case should not be assigned to a magistrate judge.

4. As to whether there is a potential for settlement, in light of the USDA's release of

the previously withheld statements and affidavits, plaintiff has offered to dismiss the pattern and practice claim if the USDA will agree in a stipulation to not categorically withhold such material in the future.  Plaintiff believes that such a stipulation could resolve this claim and avoid the time and expense of litigating it.  The parties are continuing to discuss a potential settlement of this, and some or all of the rest of the claims in the case.

     5.     The parties believe that the case will not benefit from ADR at this juncture.  The parties believe that they can continue to discuss settlement options informally and resolve any claims or narrow any issues without resort to ADR procedures.

     6.     The parties agree that if the case cannot be settled, it will likely be resolved by summary judgment motions.  The parties propose the following schedule:

| | | |
|---|---|---|
| a. | November 2, 2006 | Filing of Defendant's Vaughn Index and Motion for Summary Judgment |
| b. | December 4, 2006 | Filing of Plaintiff's Response |
| c. | December 21, 2006 | Filing of Defendant's Reply |
| d. | January 10, 2007 | Filing of Plaintiff's Reply |

It is plaintiff's view that defendant should produce an Administrative Record in relation to plaintiff's claim that the USDA has adopted a pattern and practice of withholding statements and affidavits of non-federal witnesses, federal investigators, and inspectors under FOIA, since this claim is brought under the APA, 5 U.S.C. § 706(2).  It is defendant's position that the USDA does not have any such pattern or practice, and, thus, will not produce an Administrative Record. Defendant has represented that it will likely submit an affidavit in support of its Motion for Summary Judgment to this effect.  Accordingly, plaintiff reserves the right to oppose defendant's

Motion for Summary Judgment, on the ground that, as to the pattern and practice claim, the motion may not be resolvable without additional information and that plaintiff may therefore need to take limited discovery. Defendant's view is that any such discovery would be inappropriate. Rather than resolve the issue now, the parties agree to postpone any discovery until the Court has ruled on the summary judgment motion(s). At that point, if any further proceedings are necessary, the parties will submit a supplemental Rule 16.3 Report with a proposed schedule within two weeks.

       7-9.       The parties agree to postpone resolution of the scope of initial disclosures and/or discovery until the submission of their supplemental Rule 16.3 Report. There is no need for an exchange of expert witness reports.

       10-13.       These aspects of Local Rule 16.3 do not apply to this case.

Along with this Report, the parties are submitting a Proposed Scheduling Order.

                                Respectfully submitted,

| /s/ Erin M. Tobin | /s/ Beverly M. Russell |
|---|---|
| Erin M. Tobin | Kenneth L. Wainstein |
| (D.C. Bar No. 494948) | (D.C. Bar No. 451058) |
| Meyer Glitzenstein & Crystal | Rudolph Contreras |
| 1601 Connecticut Avenue NW, Suite 700 | (D.C. Bar No. 434122) |
| Washington, D.C. 20009 | Beverly M. Russell |
| (202) 588-5206 | (D.C. Bar No. 454257) |
| (202) 588-5049 fax | Assistant United States Attorney |
|  | U.S. Attorney's Office for the District |
|  |  of Columbia, Civil Division |
|  | 555 4th Street, N.W., Rm. E-4915 |
|  | Washington, D.C. 20530 |
|  | (202) 307-0492 |
|  | (202) 514-8780 fax |
| Attorney for Plaintiff | Attorneys for Defendant |

Date:   September 11, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF AGRICULTURE**, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civ. Action No. 06-00930 (RMC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SCHEDULING ORDER

In consideration of the Joint Rule 16.3 Report filed by the parties, the Court hereby sets the following briefing schedule: Defendant's Vaughn Index and Motion for Summary Judgment are due on November 2, 2006; Plaintiff's Response is due December 4, 2006; Defendant's Reply is due December 21, 2006; Plaintiff's Reply is due January 10, 2007.

Date: _____        _____
                                                                  U.S. District Judge

Copies of this Order to:

Erin M. Tobin  
(D.C. Bar No. 494948)  
Meyer Glitzenstein & Crystal  
1601 Connecticut Avenue NW, Suite 700  
Washington, D.C. 20009  
(202) 588-5206  
(202) 588-5049 fax  

Beverly M. Russell  
(D.C. Bar No. 454257)  
Assistant United States Attorney  
U.S. Attorney's Office for the District  
    Of Columbia, Civil Division  
555 4th Street, N.W., Rm. E-4915  
Washington, D.C. 20530