**United States Department of Agriculture**

Animal and Plant Health Inspection Service

1400 Independence Avenue, SW Washington, DC 20250

Ms. Lori Kettler
Counsel
Research & Investigations Department
People for the Ethical Treatment of Animals
501 Front Street
Norfolk, Virginia 23510

Dear Ms. Kettler:

This is in response to your September 7, 2005 Freedom of Information Act (FOIA) appeal regarding FOIA 05-634, in which you requested the release of information withheld in the following records:

- Exhibit 2-F, APHIS Form 7162, Affidavit of Richard H. Watkins, Deputy Administrator, Animal Care (page 43)
- Exhibit 2-G, APHIS Form 7162, Affidavit of Kay Carter-Corker, DVM, Animal Care (page 44)
- Exhibit 4-A, APHIS Form 7162, Affidavit of a member of the audience (pages 107-109)
- CD of phone message (referenced on page 200)

Upon careful consideration of your FOIA appeal, I have decided that the five pages of affidavits should be provided in redacted form. In addition, I have determined that a copy of the CD recording should be withheld in full. The information redacted from the affidavits, and the copy of the CD are being withheld under FOIA Exemptions 6 and 7(C).

FOIA Exemption 6 exempts from disclosure information contained in personnel or medical files, or similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). As for the affidavits of Richard Watkins and Kay Carter-Corker, the information that is being withheld is the social security numbers of the affiants.

With respect to the affidavit provided by the audience member, the redacted information includes, but is not limited to: name, home and business addresses, home and business telephone numbers, and, date of birth. Information was redacted from this affidavit in

**APHIS** *Safeguarding American Agriculture*
APHIS is an agency of USDA's Marketing and Regulatory Programs

An Equal Opportunity Provider and Employer

ATTACH. 11

Ms. Lori Kettler
Page 2

order to protect the identity of the affiant. Further, I determined that this individual has a privacy interest in not being associated with the investigation at issue in the requested records. Even absent any fear of reprisals, witnesses who provide information to investigative personnel, including administrative and civil bodies, are ordinarily accorded privacy protection. See Tenaska Wash. Partners v. United States Dep't of Energy, No. 8:96-128, slip op. at 6-8 (D.Neb. Feb. 19. 1007).

With regards to the CD recording of the telephone from an informant to APHIS, I have determined that the caller has a privacy interest in not being associated with the investigation. The caller's privacy interest is also implicated because the caller may be identified by his or her voice if this CD recording is disclosed to the public.

Further, I have determined that the public interest in disclosure under the FOIA would not be advanced by disclosing the personal identifying information of these individuals as revealed in the redacted affidavits and the CD recording. Revealing the personal information of these individuals would not educate the public about the activities of USDA in general, or APHIS specifically. Balancing the privacy interests of the affected individuals against the public interest that would be advanced by the disclosure of their personal information, I have determined that their personal information should be redacted or withheld in full because their privacy interests outweigh the public interest that would be gained by the disclosure of the redacted or withheld information.

Exemption 7(C) exempts from disclosure information contained in law enforcement records, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. 552(b)(7)(C). Compounded with the protection of FOIA Exemption 6, Exemption 7(C) of the FOIA protects the personal privacy of individuals mentioned in APHIS Animal Care investigative reports. The courts have recognized that the mere mention of an individual's name in a law enforcement file will usually "engender comment and speculation and carr[y] a stigmatizing connotation" sufficient to invoke Exemption 7 privacy interest protection. See Lesar v. United States Dep't of Justice, 636 F.2d 472, 488 (D.C. Cir. 1980). As with my determination under Exemption 6, I have decided that the personal identifying information of certain individuals mentioned in these five pages of redacted affidavits should be withheld under Exemption 7(C) because the privacy interests of these affected individuals outweigh the public interest that would be advanced by the disclosure of the redacted information. I also determined that Exemption 7(C) justifies the withholding the CD recording in its entirety because the privacy interests of the caller outweighs the public interest that would be gained by releasing the recording.

Ms. Lori Kettler
Page 3

After careful review and consideration, I have decided to grant your appeal in part, and deny your appeal in part. This is the final agency decision in this matter. You may, if you wish, seek judicial review of this decision in an appropriate United States District Court pursuant to 5 U.S.C. 552(a)(4)(B).

Sincerely,

*Kevin Shea /for*

W. Ron DeHaven
Administrator

Enclosures