Civ. Action No. 06-930 (RMC)

EXHIBIT 60

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WILDLIFE FEDERATION )<br>Northern Rockies Natural )<br>Resource Center )<br>240 N. Higgins )<br>Missoula, MT  59801 )<br>(406) 243-6658 )<br>)<br>NORTHERN PLAINS RESOURCE COUNCIL )<br>419 Stapleton Building )<br>Billings, MT  59101 )<br>(406) 248-1151 )<br>)<br>          Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF THE )<br>INTERIOR )<br>C St. between 18th & 19th, N.W. )<br>Washington, D. C.  20240 )<br>(202) 655-4000 )<br>)<br>BUREAU OF LAND MANAGEMENT )<br>C St. between 18th & 19th, N.W. )<br>Washington, D. C.  20240 )<br>(202) 343-1100 )<br>)<br>MIKE PENFOLD )<br>Director )<br>State of Montana )<br>Bureau of Land Management )<br>222 North 32nd Street )<br>P.O. Box 30157 )<br>Billings, MT  59107 )<br>(406) 721-6705 )<br>)<br>WILLIAM CLARK )<br>Secretary of the Interior )<br>United States Deparment of the )<br>Interior )<br>C St. between 18th & 19th, N.W. )<br>Washington, D. C.  20240 )<br>(202) 655-4000 )<br>) | Civil Action No. 83- 3586<br><br>FILED<br><br>DEC 0   1983<br><br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF COLUMBIA |

COMPLAINT - 1

REPRODUCED AT THE NATIONAL ARCHIVES

```
ROBERT BURFORD                          )
Director                                )
Bureau of Land Management               )
C St. between 18th & 19th, N.W.         )
Washington, D. C.  20240                )
(202) 343-1100                          )
                                        )
                Defendants.             )
                                        )
_____)
```

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs allege:

### Preliminary Statement

1. This is an action under the Freedom of Information Act (hereinafter "FOIA") 5 U.S.C. § 552, Department of the Interior (hereinafter DOI) regulation 43 C.F.R. § 2.19(c), and the Administrative Procedure Act, 5 U.S.C. § 701 et. seq. It challenges the defendants' refusal to waive search and duplication fees incurred in responding to plaintiffs' FOIA requests and challenges the legality of the Bureau of Land Management (hereinafter BLM) Manual, and DOI's regulations. The action also challenges the legality of the use of the Attorney General's (AG's) Memorandum by the defendants. Plaintiffs seek a declaratory judgment that:

COMPLAINT - 2

REPRODUCED AT THE NATIONAL ARCHIVES

    a.   Defendants' BLM Manual provision describing public benefit is unlawful;

    b.   Defendants' Department regulations are unlawful;

    c.   Defendants' refusal to grant the requested fee waivers is unlawful;

    d.   In making its determination whether fees should be waived in connection with FOIA requests from a non-profit group, the agency has the burden of demonstrating that disclosure will not primarily benefit the public under FOIA, 5 U.S.C. § 552(a)(4A) if the group is seeking information pertaining to that group's area of expertise, [for the purpose of affecting government policy or educating the public;]

    e.   Defendants' reliance on the Attorney General's (AG's) Memorandum of January 7, 1983, is unlawful because the defendants incorrectly construe the Memorandum in the denial of the fee waiver in the instant case. Alternatively, if the defendants' construction of the Opinion is correct, the AG's Memorandum is inconsistent with the legislative history of FOIA, the clear language of FOIA, and prior case precedent and cannot be used by the defendants to grant or deny fee wiavers.

    Plaintiffs seek an injunction prohibiting defendants from using the BLM Manual provision, DOI regulation, and AG's Memorandum to deny fee waivers and ordering defendants to waive search and copy fees and refund monies paid, and to pay reasonable attorney fees.

COMPLAINT - 3

## Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. 552(a)(4)(B); 28 U.S.C. § 1331, 1361, 2201 and 2202. Venue is properly vested in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Parties

3. <u>Plaintiff</u>: The National Wildlife Federation (NWF), a non-profit corporation, is the largest conservation group in the world with a membership of four million people. NWF has a long-standing interest in coal issues and the technical staff to evaluate fully the impacts of coal development on wildlife. NWF produces three membership publications on resource issues, regularly prepares and disseminates reports to the broader public, and continually works with the press and the media to provide the public with information on resource issues. NWF, alone and in cooperation with other groups, devotes a great deal of its efforts to attempting to influence and affect government policy.

4. <u>Plaintiff</u>: The Northern Plains Resource Council (NPRC) is a non-profit citizens' organization with members throughout Montana. NPRC is actively involved in coal development issues NPRC publishes a newsletter (which goes to all the major newspapers, weeklies, and electronic media in the state, as well as to legislators at the state and national level). NPRC issues press releases regularly on issues of interest and is in constant contact with reporters, to whom it supplies information. In

COMPLAINT - 4

addition NPRC files provide information to members and the general public. NPRC regularly seeks to affect government policy.

5. <u>Defendant</u>: Department of the Interior (DOI) is the Executive agency responsible for administration of federally owned public resources. DOI is composed of the Office of the Secretary, and other departmental offices and bureaus. DOI is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(e).

6. <u>Defendant</u>: Bureau of Land Management (BLM) is a bureau of the DOI. BLM sells tracts of land and acts as leasing agent for mineral rights on public and other federally administered lands. BLM is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(e).

7. <u>Defendant</u>: Mike Penfold is the Montana State Director of the BLM. He is sued in his official capacity as State Director and as an agency official who participated in the initial determination to deny plaintiffs' FOIA requests.

8. <u>Defendant</u>: William Clark is the Secretary of the Interior, and is by law responsible for the denial of this fee waiver on appeal. He is responsible for DOI regulations and BLM policies. He is sued in his official capacity.

9. <u>Defendant</u>: Robert Burford is Director of the BLM. He is responsible for the initial fee waiver denial and is sued in his official capacity.

## Chronology

10. On March 11, 1983, the NWF filed a FOIA request with the BLM seeking information for several conservation groups, includ-

COMPLAINT - 5

ing NPRC, on the wildlife impacts associated with the Fort Union Local Lease Sale and Meridian Coal Exchange. Every effort was made to identify with particularly the exact information sought, so as to minimize any burden to the BLM in finding and providing the requested information. The NWF noted that it is a non-profit corporation actively engaged in wildlife management issues. The documents were requested in order "to garner a full understanding of the nature and extent of the proposed lease sale and exchange, and its effect on wildlife." NWF requested a fee waiver pursuant to 5 U.S.C.(a)(4)(A) (Exhibit A).

11. During the period of time between the receipt of the FOIA request by the BLM and the denial of FOIA fee waiver on March 28, several telephone conversations took place. The NWF was informed by Mr. Del Haring of the BLM state office that it was likely that the fee waiver would be denied and that considerable costs would be involved. In order to reduce costs still further, a file search was conducted by a member of the NPRC, one of the groups desiring to use the documents. Since the BLM refused to release the requested materials until payment for copying was made, NPRC submitted checks in payment once it had completed its file search and identified the exact documents it was seeking.

12. On March 28, 1983, the BLM issued a formal response to the NWF's FOIA request (Exhibit B). The request for the fee waiver was denied. The BLM offered no explanation or rationale to support the fee waiver denial.

COMPLAINT - 6

13. On April 8, 1983, the NWF wrote to BLM State Director Michael Penfold requesting that he identify the reasons for the fee waiver denial (Exhibit C), reconsider the denial, and refund the $113.30 paid. In that letter, NWF stated that NWF's goals for the information were "the dissemination of information to the public and providing input to the government on issues of concern to the people of Montana."

14. On April 13, 1983, BLM State Director Penfold sent a second letter to NWF (Exhibit D). In that letter State Director Penfold stated that the FOIA request was denied because it failed to meet fully criteria set out in a January 7, 1983, AG's Memorandum (Exhibit E). The AG's Memorandum describes five general factors that it asserts should be considered by an agency when evaluating a FOIA fee waiver request. The April 13 Penfold letter did not discuss how any of these factors applied to the fee waiver requested by plaintiffs, nor did it explain why the Justice guidelines would result in denying the request. The April 13 Penfold letter did not provide any basis or explanation for using the AG's Memorandum, rather than the legislative history of FOIA and cases decided thereunder, to act upon the fee waiver request.

15. On April 25, 1983, the plaintiffs filed an appeal of the BLM decision with DOI (Exhibit F). In the Appeal the plaintiffs pointed out clearly and specifically that their request met the criteria set forth in the AG's Memorandum. In particular, NWF pointed out that its activities are designed to benefit the general public rather than individuals; that it distributes inform-

COMPLAINT - 7

ation on coal issues to the general public through press releases and published reports; that an adequate evaluation by NWF and the public of the impact of the proposed coal sale and exchange on wildlife was not possible without the documents; that the material was not otherwise available; that NWF had no commercial or economic interest in the proposed sale and lease; and that federal agencies have recognized the public benefit of NWF's activities in the past by granting FOIA fee waivers.

16. On July 6, 1983, DOI denied the NWF appeal (Exhibit G).

17. The letter of denial, using boilerplate language, provided two reasons for the denial. First, it claimed that there was no showing of a "general public interest." Second, it denied that no information had been provided on a "program or plan for dissemination." This letter appears to rely on the DOI's interpretation of the first and fourth criteria presented in the AG's Memorandum. The letter makes compliance with all five criteria a prerequisite to a fee waiver, rather than treating the five criteria as alternative bases for granting fee waivers.

18. Attached to the letter of denial was a memorandum from the Acting Associate Solicitor dated June 22, 1983 (Exhibit H). In this memorandum, the Acting Associate Solictor selectively excerpted, misunderstood, and misrepresented the Attorney General's explanation of his five criteria for determining whether fee waivers must be granted.

19. The analysis portion of the memorandum of the Acting Associate Solicitor appears to require that a requester meet every test in the AG's Memorandum and states that the NWF is to

COMPLAINT - 8

be denied a fee waiver for (a) failing to show that the documents "contribute meaningfully to public information" (a subcategory of the second factor described in the AG Memorandum) and (b) failing to "demonstrate any plan or program of disseminating the information to the public" (a mischaracterization of the fourth factor described in the AG's Memorandum).

### Injury and Laws Violated

20. BLM Manual Provision 1372.73(A)(2) violates FOIA § 552(a)(4)(A) and DOI regulation 43 C.F.R. 2.19(c) in that the manual provision improperly narrows the class of FOIA requests eligible for fee waivers under the statute and the regulation.

21. The DOI regulation 43 C.F.R. 2.19(c) violates FOIA § 552(a)(4)(A), by failing to state that requests from nonprofit groups seeking documents for the purpose of affecting government policy or to educate the public should presumptively be given fee waivers.

22. The denial of the fee waiver violates FOIA § 552(a)(4)(A), which requires that fee waivers be granted for requests to non-profit groups for documents that will be used to affect government policy or to educate the public.

23. The denial of the fee waiver misconstrues the AG's Memorandum of 1983, to the degree that the Memorandum is consistent with FOIA. In the alternative, the AG's Memorandum incorrectly describes the law under FOIA, § 552(a)(4)(A), and cannot be used by the defendants to consider fee waivers.

24. The denial of the fee waiver is arbitrary, capricious, and an abuse of discretion.

25. Unless enjoined by this Court, the defendants will continue to violate the rights of the plaintiffs and the rights of other groups similarly situated under FOIA.

### Prayer for Relief

Wherefore, plaintiffs pray the Court for the following relief:

(1) Declare that BLM manual provision 1372.73(A)(2) imposes *per se* restrictions on fee waivers more stringent than allowed by Congress in 5 U.S.C. § 552(a)(4)(A) and therefore is "not in accordance with law" (5 U.S.C. § 706(2)(A)) and "in excess of statutory . . . limitations, or short of statutory right" (5 U.S.C. § 706(2)(C)).

(2) Declare that BLM manual provision 1372.73(A)(2) imposes *per se* restrictions on fee waivers more stringent than allowed by DOI in 43 C.F.R. 2.19(c) and therefore is "not in accordance with law" (5 U.S.C. § 706(2)(A)) and "in excess of statutory . . . limitations, or short of statutory right" (5 U.S.C. § 706(2)(C)).

(3) Declare that 43 C.F.R. § 2.19(c) violates FOIA, § 552(a)(4)(A), in that it fails to explicitly or accurately set forth the basic standard to be considered by agencies in making fee waiver determinations, and is "not in accordance with law" (5 U.S.C. § 706(2)(A)) and "in excess of statutory . . . limitations, or short of statutory right" (5 U.S.C. § 706(2)(c)).

(4) Declare that the final determination of the fee waiver denial and the reasons stated therefore are in violation of 5 U.S.C. § 552(a)(4)(A) and "not in accordance with law" (5 U.S.C. § 706(2)(A)) and "in excess of statutory . . . limitations, or short of statutory right" (5 U.S.C. § 706(2)(C)).

(5) Declare that under 5 U.S.C. § 552(a)(4)(A), the agency bears the burden of demonstrating that disclosure of requested records will not primarily benefit the general public, when the records have been requested by a registered non-profit organization seeking information pertaining to that organization's area of expertise, for the purpose of affecting government policy or educating the public.

(6) Declare that the determination of denial was based on an incorrect construction of the AG's Memorandum and therefore violates 5 U.S.C. § 552(a)(4)(A) and 43 C.F.R. § 2.19(c) and is "not in accordance with law" (5 U.S.C. § 706(2)(A)) and "in excess of statutory . . . limitations, or short of statutory right" (5 U.S.C. § 706(2)(C)).

In the alternative declare that the AG's Memorandum is contrary to FOIA's legislative history and prior case precedent and therefore reliance on the Memorandum by defendants is in violation of 5 U.S.C. § 552(a)(4)(A) and 43 C.F.R. § 2.19(c) and therefore is "not in accordance with law" (5 U.S.C. § 706(2)(A)) and "in excess of statutory . . . limitations, or short of statutory right" (5 U.S.C. § 706(2)(C)).

(7) Enjoin the use of BLM Manual provision § 1372.73(A)(2).

COMPLAINT - 11

(8) Enjoin the use of 43 C.F.R. § 2.19(c) and require it to be rewritten to provide that fee waivers shall presumptively be given for requests from non-profit groups seeking documents in order to affect government policy or educate the public, absent valid countervailing circumstances grounded on statutory intent.

(9) Enjoin the use of the grounds for denial set forth in the June 22 Solicitor's Opinion or, in the alternative, enjoin the use of the AG's Memorandum.

(10) Issue an injunction directing the defendants to waive all fees and refund all fees incurred in producing the requested documents.

(11) Expedite this action as provided by 5 U.S.C. § 552(a)(4)(D), which states "[e]xcept as to cases the court considers of greater importance, proceedings before the district court, as authorized by this subsection, and appeals therefrom, take precedence on the docket over all cases and shall be assigned for hearing and trial or for argument at the earliest possible date and expedite in every way."

(12) Award the plaintiffs costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E).

(13) Grant such further relief as the court deems just and proper.

Respectfully submitted,

John E. Bonine
Michael D. Axline
Pacific Northwest Resources Clinic
University of Oregon Law Center
Eugene, OR  97403
Counsel for Plaintiffs

COMPLAINT - 12

REPRODUCED AT THE NATIONAL ARCHIVES

*Thomas France*
Thomas France
National Wildlife Federation
Northern Rockies Natural Resource Center
240 N. Higgins
Missoula, MT  59801
Counsel for Plaintiffs

*David G Burwell*
David Burwell
National Wildlife Federation
1412 16th Street, N.W.
Washington, D. C.  20036
Local Counsel

ON THE COMPLAINT:
Kahlil Day, Legal Intern

DATED this 1st day of December, 1983.

COMPLAINT - 13