Civ. Action No. 06-930 (RMC)

EXHIBIT 19



September 7, 2005

Administrator
Animal and Plant Health Inspection Service
Ag Box 3401
Washington, DC 20250-3401



**PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS**
501 FRONT ST.
NORFOLK, VA 23510
757-622-PETA
757-622-0457 (FAX)

PETA.org
info@peta.org

Re:    Appeal of Partial Denial of FOIA Request 05-634

This is an appeal pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(6), of a decision by the Animal and Plant Health Inspection Service (APHIS) in which the agency claims exemptions for certain public records which are the subject of a FOIA request submitted by People for the Ethical Treatment of Animals (PETA) on June 28, 2005. The response to this request was received by PETA on July 15, 2005. Copies of the request and the APHIS letter in response are attached for your reference.

Information has been redacted based on claims by the agency that the information is exempt from disclosure pursuant to 5 U.S.C. §§ 522 (b)(6) and b(7)(C). In order to conserve the resources of both PETA and the agency, this appeal is limited to the following records (it does not reflect PETA's position as to the validity of the exemptions claimed by the agency with regard to the other public records withheld by APHIS):

- Exhibit 2-F, APHIS Form 7162, Affidavit of Richard H. Watkins, Deputy Administrator, Animal Care (p. 43);
- Exhibit 2-G, APHIS Form 7162, Affidavit of Kay Carter-Corker, DVM, Animal Care (p. 44);
- Exhibit 4-A APHIS Form 7162, Affidavit of a member of the audience (pp. 107-109)
- CD of phone message (referenced on p. 200)

Exemption (b)(6) applies to "personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Both the legislative history of this exemption and the extensive subsequent case law clearly indicate that the exemption is intended to protect intimate or personal details in public records, and that the agencies and courts must balance the interests between individual privacy and the public's right to information. *E.g.*, S. Rep. No. 813, 89th Cong., 1st Sess. At 9 (1965). Moreover, the balance must tilt in favor of disclosure. *E.g., Getman v. NLRB*, 450 F2d 670, 674 (D.C. Cir. 1971), *stay denied*, 404 U.S. 1204 (1971).

Exemption (b)(7)(C) applies to "records or information compiled for law enforcement purposes," but only to the extent that the production could

SEP 16 REC'D

"reasonably be expected to institute an unwarranted invasion of personal privacy." 5 U.S.C. § (b)(7)(C). Like exemption (b)(6), the correct application of this exemption requires a balancing of the public interest in disclosure against the degree of invasion of privacy that would result from disclosure. E.g., Lesar v. Dept. of Justice, 636 F.2d 472, 486 (D.C. Cir. 1980).

As a preliminary matter, the agency has failed to provide any explanation as to why the affidavits of Richard Watkins and Kay Carter-Corker, both APHIS personnel, and the affidavit of one of several witnesses may be withheld in their entirety, while the statements and affidavits of other APHIS personnel and witnesses have been released.

If the issue is information about the affiants and the witness, the release of which the agency believes would constitute an "unwarranted invasion of the personal privacy" of these individuals, this information must be redacted and the remainder of the information released to PETA. With regard to the referenced CD, the contents must be edited so that any information that is private, such as the name of the caller, is removed and the remainder of the information released to PETA

On the other hand, if the concern of the agency is the "unwarranted invasion of the personal privacy" of the performer and/or his corporation, please note that the courts have determined that privacy rights protected by Exemption 6 are not a consideration when the information sought is that of a corporation, such as S & R Productions, a Nevada corporation. E.g., Washington Post Co. v. Dept. of Agriculture, 943 F.Supp. 31, 36 n. 6 (D. D.C. 1996) ("corporations, businesses and partnerships have no privacy interest whatsoever under Exemption 6") (internal citation omitted). Nor does the exemption encompass an *individual's* business or professional activities, such as the activities of Roy Horn in his performance on the ill-fated night in question. E.g., Sims v. CIA (I), 642 F.2d 562, 574-5 (D.C. Cir. 1980) ("Exemption 6 was developed to protect intimate details of personal and family life, not business judgments and relationships"). Similarly, Exemption (b)(7)(C) does not recognize the same expectation of privacy in corporations as in individuals. See, e.g., Public Citizen Health Research Group v. HEW, 477 F.Supp. 595, 603 (D. D.C. 1979). And, the exemption does not apply to information which is related to the professional or business activities of individuals; such information must be disclosed "even if a professional reputation is tarnished." Cohen, at 429 (internal citations omitted).

Nevertheless, even assuming *arguendo* that there are legitimate privacy concerns in this case under Exemptions (b)(6) and (b)(7)(C), the subject of the records requested by PETA relates to a matter of urgent public concern and thus the records must be released. The attack on Roy Horn served to reignite public debate throughout the country and abroad on the issue of the use of exotic animals for "entertainment," from both an ethical perspective and a public safety perspective. Surely APHIS is aware of the extent of public interest in this issue,

which was recently evidenced -- yet again -- when Haley Hilderbrand, a 17-year-old girl was killed by a tiger in Kansas just over two weeks ago. If not, a simple search on the Internet evidences hundreds of articles and references to both of these unfortunate, but not unpredictable, events.

For the reasons stated above, PETA requests that APHIS reconsider its decision to deny the release of the information and public records listed above.

Sincerely,

Lori Kettler
Counsel
Research & Investigations Dept.