Civ. Action No. 06-930 (RMC)

EXHIBIT 20

**USDA**

**United States Department of Agriculture**

Animal and Plant Health Inspection Service

1400 Independence Avenue, SW Washington, DC 20250

Ms. Lori Kettler
Counsel
Research & Investigations Department
People for the Ethical Treatment of Animals
501 Front Street
Norfolk, Virginia 23510

Dear Ms Kettler:

This is in response to your September 7, 2005 Freedom of Information Act (FOIA) appeal regarding FOIA 05-634, in which you requested the release of information withheld in the following records:

- Exhibit 2-F, APHIS Form 7162, Affidavit of Richard H. Watkins, Deputy Administrator, Animal Care (page 43)
- Exhibit 2-G, APHIS Form 7162, Affidavit of Kay Carter-Corker, DVM, Animal Care (page 44)
- Exhibit 4-A, APHIS Form 7162, Affidavit of a member of the audience (pages 107-109)
- CD of phone message (referenced on page 200)

Upon careful consideration of your FOIA appeal, I have decided that the five pages of affidavits should be provided in redacted form. In addition, I have determined that a copy of the CD recording should be withheld in full. The information redacted from the affidavits, and the copy of the CD are being withheld under FOIA Exemptions 6 and 7(C).

FOIA Exemption 6 exempts from disclosure information contained in personnel or medical files, or similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). As for the affidavits of Richard Watkins and Kay Carter-Corker, the information that is being withheld is the social security numbers of the affiants.

With respect to the affidavit provided by the audience member, the redacted information includes, but is not limited to: name, home and business addresses, home and business telephone numbers, and, date of birth. Information was redacted from this affidavit in

Ms. Lori Kettler
Page 2

order to protect the identity of the affiant. Further, I determined that this individual has a privacy interest in not being associated with the investigation at issue in the requested records. Even absent any fear of reprisals, witnesses who provide information to investigative personnel, including administrative and civil bodies, are ordinarily accorded privacy protection. See Tenaska Wash. Partners v. United States Dep't of Energy, No 8:96-128, slip op. at 6-8 (D.Neb. Feb. 19. 1007).

With regards to the CD recording of the telephone from an informant to APHIS, I have determined that the caller has a privacy interest in not being associated with the investigation. The caller's privacy interest is also implicated because the caller may be identified by his or her voice if this CD recording is disclosed to the public.

Further, I have determined that the public interest in disclosure under the FOIA would not be advanced by disclosing the personal identifying information of these individuals as revealed in the redacted affidavits and the CD recording. Revealing the personal information of these individuals would not educate the public about the activities of USDA in general, or APHIS specifically. Balancing the privacy interests of the affected individuals against the public interest that would be advanced by the disclosure of their personal information, I have determined that their personal information should be redacted or withheld in full because their privacy interests outweigh the public interest that would be gained by the disclosure of the redacted or withheld information.

Exemption 7(C) exempts from disclosure information contained in law enforcement records, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. 552(b)(7)(C). Compounded with the protection of FOIA Exemption 6, Exemption 7(C) of the FOIA protects the personal privacy of individuals mentioned in APHIS Animal Care investigative reports. The courts have recognized that the mere mention of an individual's name in a law enforcement file will usually "engender comment and speculation and carr[y] a stigmatizing connotation" sufficient to invoke Exemption 7 privacy interest protection. See Lesar v. United States Dep't of Justice, 636 F.2d 472, 488 (D.C. Cir. 1980). As with my determination under Exemption 6, I have decided that the personal identifying information of certain individuals mentioned in these five pages of redacted affidavits should be withheld under Exemption 7(C) because the privacy interests of these affected individuals outweigh the public interest that would be advanced by the disclosure of the redacted information. I also determined that Exemption 7(C) justifies the withholding the CD recording in its entirety because the privacy interests of the caller outweighs the public interest that would be gained by releasing the recording.

Ms. Lori Kettler
Page 3


After careful review and consideration, I have decided to grant your appeal in part, and deny your appeal in part. This is the final agency decision in this matter. You may, if you wish, seek judicial review of this decision in an appropriate United States District Court pursuant to 5 U.S.C. 552(a)(4)(B).

Sincerely,

*Kevin Shea /for*

W. Ron DeHaven
Administrator

Enclosures

All redactions on this page are pursuant to (b)(6) & (b)(7)(c).

*Privacy Act Notice on Reverse*

Page 1

# AFFIDAVIT

I, ▌▌▌▌, being duly sworn on oath make the following statement: To ▌▌▌▌ who has identified ▌▌▌▌ to me as an Investigator employed by USDA, Investigative and Enforcement Services.

I am a ▌▌▌▌ by profession, employed by ▌▌▌▌ located at ▌▌▌▌ in ▌▌▌▌ my direct line is ▌▌▌▌ I have been employed at the above location since ▌▌▌▌. My DOB is ▌▌▌▌ and my Driver's License # is ▌▌▌▌ in the State of ▌▌.

I make this statement to ▌▌▌▌ voluntarily regarding the tiger attack on Roy Horn at the Siegfried and Roy show given in the MGM Mirage Hotel & Casino located in Las Vegas, NV on October 3, 2003:

I attended the event with a friend and we were seated directly in front of the stage about ▌ feet away with people seated ahead of us. I had a direct view of the stage.

I observed:

The show started at 7:30 p.m. and my friend and I arrived and were seated by staff members. We were told by some of the people sitting in our booth that the show was about 90 minutes long. About 45 minutes into the show, Roy Horn walked onto stage with the one white tiger. What happened from that point on happened very quickly. I do not know exactly how much time lapsed between Horn introducing the tiger and the tiger biting him in the neck, but it was very quick as I recall.

Anyway, he introduced the tiger, at the time I did not remember hearing the tiger's name, but have since read that it was Montecore. He said the tiger's name and also said something to the affect that it was the tiger's first time on stage, which I have since learned is part of the show, but did not know at the time. After he introduced the tiger and saying it was the animal's first time



SIGNATURE OF AFFIANT

Subscribed and sworn to before me at Westmont, NJ on this 13th day of October, 2003

APHIS FORM 7162  Replaces VS Form 3-99G which is obsolete
(NOV 92)



DESIGNATED PURSUANT TO 7 U.S.C. 2217 TO ADMINISTER OATHS, AFFIDAVITS, AND AFFIRMATIONS.
AUTHORITY NO: 3309

Privacy Act Notice on Reverse

All redactions on this page are pursuant to (b)(6) & (b)(7)(c).

# AFFIDAVIT

I, [redacted] being duly sworn on oath make the following statement: To [redacted], who has identified herself to me as an Investigator employed by USDA, Investigative and Enforcement Services.

on stage, I remember Horn and the tiger fussing about, which seemed playful. The next thing I know the tiger had Horn's arm in his mouth, or at least that's what it looked like. Horn began, and I don't remember if it was before or not, but Horn definitely began striking the tiger in the head/snout area with his microphone. He struck him a few times, although I do not know exactly how many times it was. The next thing I know, the tiger had Horn in his mouth by the throat and the tiger with Horn in his mouth galloped off stage and behind a curtain. From that point on, neither Horn nor the tiger ever came back into my view.

While the incident was happening, I remember his partner Siegfried coming on stage and yelling at the tiger, although he may have been yelling at something else. I just assumed he was yelling at the tiger. That was before the tiger exited stage left, which was to my right.

The tiger left stage with Horn in his mouth, and a few people, who I assumed were police or handlers, came running as did Siegfried. The tiger disappeared from view behind a curtain. There was commotion coming from the area where the tiger had run off the stage, but nothing that I could see due to the curtain.

I did not see how the attack was stopped.

In addition, I would like to state that while this was occurring and even shortly after it occurred I definitely thought it was part of the act.

I'd also like to add that this incident happened very quickly.

The other thing I would like to state is that the room was dark, although there was a spotlight, or some form of light focusing on Horn.

As per [redacted] request, I am adding that Siegfried did not come into contact with the tiger while in my view.

SIGNATURE OF AFFIANT

Subscribed and sworn to before me at Westmont, NJ
on this 13th day of October, 2003

APHIS FORM 7162 Replaces VS Form 5-190 which is obsolete.
(NOV 92)

DESIGNATED PURSUANT TO 7 U.S.C. 2217 TO ADMINISTER OATHS, AFFIDAVITS, AND AFFIRMATIONS.
AUTHORITY NO. 3309

All redactions on this page are pursuant to (b)(6) & (b)(7)(c).

*Privacy Act Notice on Reverse*

Page 3

# AFFIDAVIT

I, ▮▮▮▮▮ being duly sworn on oath make the following statement: To ▮▮▮▮▮, who has identified herself to me as an Investigator employed by USDA, Investigative and Enforcement Services.

I do not have any pictures or video of the event at all, however, I have provided a copy of my ticket stub to ▮▮▮ which is attached.

I have read the above statements and swear that it is true and correct to the best of my knowledge.



SIGNATURE OF AFFIANT

Subscribed and sworn to before me at Westmont, NJ on this 13th day of October, 2003

APHIS FORM 7162  Replaces VS Form 3-390 which is obsolete.
(NOV 92)





DESIGNATED PURSUANT TO 7 U.S.C. 2217 TO ADMINISTER OATHS, AFFIDAVITS, AND AFFIRMATIONS, AUTHORITY NO. 3309

*Privacy Act Notice on Reverse*

Page 1 of 1

## AFFIDAVIT

I, Richard H. Watkins, being duly sworn on oath make the following statement:

I, Richard H. Watkins, (b)(6), (b)(7)c have been employed by the United States Department of Agriculture since 1989 and have held the position of Assistant Deputy Administrator for Animal Care in Riverdale, MD since March 1999.

In the spring of 2003, Dr. Chester Gipson, Deputy Administrator for Animal Care, directed myself and Dr. Robert Gibbens, Regional Director, to attend and evaluate the Siegfried and Roy show in Las Vegas, NV to determine if their animals were handled in such a way that they where not a potential danger to the public.

On April 30, 2003, Animal Care conducted a Big Cat Workshop at Sam's resort in Henderson, NV. Dr. Gibbens and I opted to evaluate the evening show April 29, the night before the workshop.

We arrived prior to opening curtain and saw the entire show observing how their tigers and elephants were handled. In all cases, the tigers were collared and leashed, however, on several occasions, once the tiger had completed its performance it was directed towards off stage, the leashed dropped, and the animal allowed to exit the stage alone the last 10 to 30 feet

The stage area is a standard stage with an estimated 8 foot wide half circle walkway that arcs through the viewing public. Seats for the viewing public are on both sides and within a few feet (3-4) of the walkway. Tigers were walked with a collar and leash on this walkway. In one case, a smaller tiger (less than one year) was walked on the walkway, was slightly unruly, not wanting to walk on the leash, and had to be manually restrained by pulling on the leash. This happening within a few feet (3-4) of the viewing public.

Siegfried and Roy also use an elephant in the show controlling it only with an ankus. At one time, the elephant was led onto the walkway, consuming most the width of the walkway. Again, the elephant was within 3-4 feet of the viewing public

Dr. Gibbens and I both agreed that there were some questionable handling procedures including the lack of positive control at all times of their animals. This information was verbally given to Dr. Gipson for his response and whatever action he deemed necessary.

SIGNATURE OF AFFIANT

Subscribed and sworn to before me at Raleigh, NC
on this 22nd day of January, 2004

APHIS FORM 7162    *replaces VS Form 3-13 which is obsolete*
(NOV 92)

DESIGNATED PURSUANT TO 7 U.S.C. 2217 TO
ADMINISTER OATHS, AFFIDAVITS, AND AFFIRMATIONS.
AUTHORITY NO: 2227

GOVERNMENT EXHIBIT 2-E

Privacy Act Notice on Reverse

Page 1 of 1

# AFFIDAVIT

I, Kay Carter-Corker, being duly sworn on oath make the following statement:

I, Kay Carter-Corker, (b)(6), (b)(7)c have been employed by the United States Department of Agriculture since 1987 and have held the position of Assistant Regional Director, for Eastern Region in Raleigh, NC since January 2001.

On the evening of April 29, 2003, I attended the Siegfried & Roy show in Las Vegas, NV. I was enjoying this show as a spectator and was not present as part of my official duty. Several animals were used in the show and I am not aware of any of the animals names that were performing that evening. The best I remember I did not see either Siegfried or Roy walk any of the cats without a leash. The stage area consists of a stage and walkways. I am not sure how far the big cats were from the audience, but the cats were on the stage and walkways. I did not feel in danger of the cats. The cats seemed to be controlled and numerous employees were always in the shadows.

As a spectator I was not privileged to see all or any of the safety measures that are in place to safeguard the public and/or the animals.

I provide this one page statement to Page A. Eppele, whom I know as an employee with USDA, APHIS as an Investigator.

_[signature]_
SIGNATURE OF AFFIANT

Subscribed and sworn to before me at Raleigh, NC
on this 23rd day of January, 2004.

APHIS FORM 7162
(NOV 92)

_[signature]_
DESIGNATED PURSUANT TO 7 U.S.C. 2217 TO
ADMINISTER OATHS, AFFIDAVITS, AND AFFIRMATIONS.
AUTHORITY NO: 2227

GOVERNMENT EXHIBIT
2.G