```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

PEOPLE FOR THE ETHICAL TREATMENT     )
 OF ANIMALS,                         )
                                     )
                Plaintiff            )
                                     )
     v.                              )   Civil Action No. 06-0930(RMC)
                                     )
U.S. DEPARTMENT OF AGRICULTURE,      )
                                     )
                Defendant.           )
_____)
```

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY,
FOR SUMMARY JUDGMENT**

Plaintiff's suit brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, should be dismissed, or alternatively, summary judgment granted to Defendant for those reasons stated in Defendant's dispositive motion.  Plaintiff's memorandum supporting its Motion for cross-relief and opposing Defendant's Motion presents no argument undermining the propriety of granting the relief requested by Defendant.  Herein, Defendant addresses two points presented in Plaintiff's cross-motion and opposition memorandum.

**ARGUMENT**

I.   **Defendant Appropriately Applied FOIA Exemptions 7(C).**

   A.   **Plaintiff's Request that the Court Compel the USDA to Disclose the Names of Federal Inspectors Such That They May Be Subjected to Public Scrutiny Is Contrary to Law.**

Plaintiff argues that the USDA should disclose the names of federal inspectors who were stationed at the Agriprocessors facility because the inspectors observed employees at the facility inhumanely slaughtering cattle and did nothing to stop it.[1]  Pl.'s Mem. at 29.  Plaintiff wants these federal inspectors

---

[1] In its memorandum, plaintiff states that, "According to news reports, . . ., OIG did not take any legal action whatsoever against the slaughter facility. . .Further, the OIG imposed extremely minor sanctions on only three of the ten federal inspectors who were all working on-site at the plant at the time of these activities, suspending the inspector for fourteen days and only issuing warning letters to two others."  Plaintiff, however, erroneously cites the OIG for the above actions. Plaintiff's own source documents state that "the *U.S. Attorney's Office for the Northern District of Iowa* declined to press criminal charges."  Orlan Love, Meat Plant Violated Cruelty Laws, The Gazette, March 11, 2006 (Pl.'s Ex. 51) (emphasis added); see also Donald G. McNeil, Jr., Inquiry Finds Lax Federal Inspections at Kosher Meat Plant, N.Y. Times, March 10, 2006 (Pl.'s Ex. 46) ("After a six-month investigation, the *Agriculture Department* suspended one of its own inspectors for 14 days and gave warning letters to two others.") (emphasis added).  Under the Inspector General Act, the Office of the Inspector General ("OIG") is prohibited from engaging in program operating responsibilities which would include such personnel actions as disciplining employees other than those employed directly by the OIG.  See Inspector General Act of 1978, as amended, 5 U.S.C. app. 3, § 7(2).  The OIG has no authority whatsoever to hire, fire, direct, reassign, or discipline the employees of other USDA agencies, nor initiate prosecutions of any individuals. Plaintiff's assertions in this regard are simply incorrect.
   Further, Plaintiff's references to the declaration of
(continued...)

2

subjected to public scrutiny.  Id.  Plaintiff's objective here, however, shows no regard for the protections afforded to these inspectors by law, i.e., Exemption 7(C) of FOIA.  The exemption protects from disclosure records or information compiled for law enforcement purposes to the extent release of the information could reasonably be expected to constitute an unwarranted invasion of privacy.  5 U.S.C. § 552(b)(7)(C).  Exemption 7(C) requires the courts to balance the public interest in disclosure, limited to information that contributes significantly to the public understanding of the operations or activities of the government, against the privacy interest that the Exemption is intended to protect.  See U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 775-76 (1989).

Citing Stern v. FBI, 737 F.2d 84, 92 (D.C. Cir. 1984), Plaintiff avers incorrectly that the inspectors have a diminished privacy interest purportedly due to the alleged dereliction of duty.  Pl.'s Mem. at 29.  Contrary to Plaintiff's assertion, the Courts have recognized that government investigative personnel

---

[1](...continued)
Deirdre McNeil (Def.'s Ex. 3) and a New York Times article written by Don MacNeil are confusing and misleading.  For example, on page 17 of Plaintiff's Memorandum, reference is made to a MacNeil document discussing sanctions on federal inspectors working at the Agriprocessors facility.  That "MacNeil" document is not the OIG declaration in support of Defendant's Motion but the New York Times article cited supra.  See also page 18 of Pl.'s Mem. for similar misleading reference (Plaintiff references a "MacNeil letter" when, again, a more accurate citation would be to the New York Times article written by Don MacNeil).

like the USDA inspectors have a significant privacy interest as they may be subject to harassment and embarrassment if their identities are disclosed. Halpern v. FBI, 181 F.3d 279, 297 (2d Cir. 1999). "In balancing this risk of harm with the public's interest in disclosure, several factors are considered, such as the employees' ranks and whether their identities would shed light on the scrutinized government activity." O'Keefe v. U.S. Dept. Of Defense, --- F.Supp.2d ----, 2006 WL 3440831, *8 (E.D.N.Y. Nov. 30, 2006, citing Woods v. F.B.I., 432 F.3d 78, 88 (2d Cir. 2005). As in the O'Keefe case, the probative value of releasing the names of the low level inspectors is nominal, and as to showing what the agency is up to, "any negligence in conducting the [inspections here] is apparent from the actions, not the identities" of the USDA staff. See O'Keefe, 2006 WL 3440831, *8.

As to Stern specifically, the case is not helpful to Plaintiff. In Jefferson v. Dep't of Justice, 284 F.3d 172, 180 (D.C. Cir. 2002), the District of Columbia Circuit stated that the Stern court refused to release the names of lower-level employees, "recognizing that, unlike Exemption 6, the balance is not tilted emphatically in favor of disclosure under Exemption 7(C)." Id. citing Stern, 737 F.2d at 91-92. The Jefferson court went on to state that, "In Beck[ v. Dep't of Justice, 997 F.2d 1489, 1493 (D.C. Cir. 1993)], the court indicated the limits of

4

Stern; not only did Stern involve a well-publicized scandal that the FBI had conducted widespread, illegal surveillance of political activists through surreptitious entries and wiretappings and then covered up its activities, the disclosure ordered by the court was limited to the name of a high-level FBI official who knowingly participated in the cover-up." Jefferson, 284 F.3d at 180, citing Stern, 737, F.2d at 86, 93.  The Jefferson court stated further that an Assistant U.S. Attorney was not a high official in the United States Attorney's Office and upheld the withholding of DOJ records concerning him under Exemption 7(C).  Id.  As indicated above, the meat inspectors here are not high-level officials and their names should be withheld under Exemption 7(C).[2]  Releasing their names will do nothing to advance the purpose of FOIA.

>   **B.  Release of the CD Recording Would Compromise Witness's Privacy.**

Plaintiff seeks to have the USDA release a CD audio recording of a caller/informant as pertaining to the tiger attack on Roy Horn at the Mirage Hotel and Casino in Las Vegas, Nevada.  Pl.'s Mem. at 19.  However, the District of Columbia Circuit has

---

[2] Plaintiff incorrectly states that Defendant redacted the information contained in the witness statements based solely on the Privacy Act. Pl.'s Mem. at 18.  However, as evidenced by the declaration of Deirdre MacNeil, Assistant Counsel to the Inspector General, redactions were made pursuant to FOIA Exemptions 6 and 7(C).  Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 3, MacNeil Decl. § 33.

5

already held that, in the context of Exemption 6, a tape of a person's voice may be withheld if disclosure "would constitute a clearly unwarranted invasion of privacy." New York Times Co. v. National Aeronautics and Space Admin., 920 F.2d 1002, 1004 and 1009-10 (D.C. Cir. 1990). Here, the audio recording was withheld pursuant to FOIA Exemption 7(C) which protects from disclosure a broader range of information compared to Exemption 6. Exemption 7(C) protects from disclosure information which if released could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. § 552(b)(7)(C).

Defendant, consistent with and pursuant to FOIA Exemption 7(C), appropriately withheld the recording given that the caller could be identified by voice, has a privacy interest in not being associated with the investigation, and could be subject to harassment if the recording is disclosed. See Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 2, Vaughn Index (APHIS), p. 23. Furthermore, release of the information simply would not serve FOIA's purpose of letting the public know what the government is up to because the recording reveals nothing about APHIS activities. Id.; see also Pendergrass v. U.S. Dept. of Justice, No.Civ.A. 04-112(CKK), 2005 WL 1378724, *4 (D.D.C. June 7, 2005)(Bureau of Prisons properly withheld recording of telephone conversation between plaintiff-prisoner and counsel. Court held that the counsel, a third party for purposes of the

plaintiff's FOIA suit, had a privacy interest in the recording of that conversation.)(citation omitted).  Accordingly, Defendant's actions in withholding the CD audio recording clearly comported with the FOIA statute.

**II.  Plaintiff's "Pattern and Practice" Claim Lacks Merit.**

    **A.  Plaintiff Presents No Basis for Prospective Injunctive Relief.**

Plaintiff continues to insist that it may proceed with its Administrative Procedure Act ("APA") claim (5 U.S.C. § 701 et seq.) that Defendant engaged in a "pattern and practice" of withholding witness statements requested pursuant to the FOIA, notwithstanding this Court's determination that an APA claim is precluded because another statutory remedy is available (here, the FOIA).  Sierra Club v. United States Department of Interior, 384 F.Supp.2d 1, 30 (D.D.C. 2004)(holding that APA claim is precluded based on alleged FOIA violation related to agency withholding of documents).  Plaintiff asserts that it may proceed under the APA because it is seeking prospective injunctive relief to preclude the USDA from withholding the statements in the entirety in the future, and that the FOIA does not provide for such relief.  Pl.'s Mem. at 41.  Plaintiff's argument is without merit because Plaintiff, as a threshold matter, cannot demonstrate that Defendant has (or had) a per se rule of withholding witness statements in the entirety for purposes of obtaining prospective injunctive relief to preclude such conduct.

See, e.g. City of Los Angeles v. Lyons, 461 U.S. 95, 103-04 (1983)(where a plaintiff seeks prospective injunctive relief, it must demonstrate a "real and immediate threat" of future injury in order to satisfy the "injury in fact" requirement.); Aulenback, Inc. v. Federal Highway Admin., 103 F.3d 156, 166-67 (D.C. Cir. 1997).

**B.   Plaintiff Fails to Present a Material Fact in Dispute for Purposes of Defeating Defendant's Motion.**

To support its "pattern and practice" claim, Plaintiff alleges that representatives from animal rights organizations were informed at a USDA March 15, 2006 meeting by FOIA officials from the USDA's Animal Care office that the witness statements at issue here would be withheld in full based on "guidance" from the agency's Office of General Counsel.  However, this suit involves FOIA requests to both the USDA's Office of Inspector General and Animal, and Plant Health and Inspection Service (or "APHIS" of which Animal Care is a part, see Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 1, Declaration of Lesia Banks, ¶ 1 (Nov. 2, 2006)).  Underscoring the invalidity of Plaintiff's department-wide "pattern and practice" claim is the fact that the USDA's Office of Inspector General is an entirely independent entity from APHIS.  See 5 U.S.C., app. 3, § 2(3).  As indicated in Defendant's dispositive motion, Deirdre MacNeil is the OIG's FOIA/Privacy Act ("PA") Officer.  Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 3, Declaration of Deirdre

8

MacNeil, ¶ 1 (July 14, 2006). Leisia Banks is the Director of the FOIA/PA for APHIS. Id., Ex. 1, Banks Decl. ¶ 1. Accordingly, Plaintiff's allegation of a departmental pattern and practice claim is undermined by the independence of the entities involved in this suit.

Further, even if the USDA's Animal Care Office provided such "guidance," the allegation does not contradict facts that APHIS (1) has a policy of considering FOIA requests on a case by case basis and (2) does not have an official policy or practice of categorically withholding documents, particularly witness statements in response to FOIA requests and appeals. See Def.'s Mot. Dismiss, or Alternatively, for Summ. J., Ex. 1, Banks Decl. ¶ 47 (Nov. 2, 2006). The allegation also does not contradict the facts that the USDA OIG (1) has not adopted a regulation, policy or practice of withholding in their entirety statements of witnesses and USDA employees with regard to FOIA requests and (2) evaluates FOIA requests individually. Id., Ex. 5, MacNeil Decl. ¶ 2 (Oct. 24, 2006). Critically, the witness statements at issue here, although withheld as part of the initial consideration of Plaintiff's FOIA requests, have been released with only personally identifiable information redacted. To the extent that the allegation related to the statement made by Animal Care officials suggests anything, it is that the

9

Defendant's FOIA review and appeals processes work, and did so here.

Plaintiff has failed to identify any written policy, regulation, guideline or for that matter, "final agency action," demonstrating that the USDA has a policy or practice of withholding witness statements.  As such, Plaintiff's request for discovery on this claim should be denied[3] and the claim, lacking merit, should be dismissed or summary judgment granted to Defendant on the claim.

## CONCLUSION

For the reasons stated in Defendant's Motion and herein, Defendant respectfully requests that the Court dismiss this suit or grant summary judgment in Defendant's favor.

---

[3] Assuming arguendo that jurisdiction exists under the APA, "the general rule is that discovery is not permitted prior to a court's review of the legality of the agency action" under the APA.  National Law Center on Homelessness & Poverty v. United States Dept. Of Veterans Affairs, 736 F. Supp. 1148, 1152 (D.D.C. 1990); USA Group Loan Services v. Riley, 82 F.3d 708, 715 (7th Cir. 1996)("[d]iscovery is rarely proper in the judicial review of administrative action"); Fort Sumter Tours, Inc. v. Babbitt, 66 F.3d 1324, 1335 (4th Cir. 1995) (district court did not abuse its discretion in issuing a protective order barring discovery), cert. denied, 517 U.S. 1220 (1996).  No administrative record is available in this case, however, because the agency has not adopted any policy or practice of withholding witness statements. Accordingly, it would be a perversion of the APA and black-letter administrative law to allow Plaintiff to circumvent the usual bar to discovery in APA (and FOIA) cases by simply alleging that a non-existent policy exists. See, e.g. Kay v. Federal Communication Comm'n, 976 F.Supp. 23, 34, n.35 (D.D.C. 1997)("discovery should be denied [in a FOIA case] if the district court determines that plaintiff merely desires discovery as a means of finding 'something that might impugn the affidavits' submitted by the agency.")

Date: January 24, 2007          Respectfully Submitted,


                                /s/ Jeffrey A. Taylor /dvh
                                _____
                                JEFFREY A. TAYLOR, D.C. BAR #498610
                                United States Attorney


                                /s/ Rudolph Contreras
                                _____
                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney


                                /s/ Beverly M. Russell
                                _____
Of Counsel:                     BEVERLY M. RUSSELL, D.C. Bar #454257
Karen Carrington, Esq.          Assistant United States Attorney
R. Michael Ching, Esq.          U.S. Attorney's Office for the District
U.S. Dept. of Agriculture        of Columbia
                                555 4th Street, N.W., Rm. E-4915
                                Washington, D.C.  20530
                                Ph:  (202) 307-0492

11

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT** was sent by the Court's Electronic Case Filing System, this 24th day of January, 2007 to:

Erin M. Tobin, Esq.
Katherine A. Meyer, Esq.
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C.  20009
erintobin@meyerglitz.com
katherinemeyer@meyerglitz.com


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney