Civ. Action No. 06-930 (RMC)

EXHIBIT 31

**USDA**

**United States
Department of
Agriculture**

Animal and
Plant Health
Inspection
Service

1400 Independence
Avenue, SW
Washington, DC
20250

Ms Lori Kettler
Counsel
Research & Investigations Department
People for the Ethical Treatment of Animals
501 Front Street
Norfolk, Virginia 23510

Dear Ms Kettler:

This is in response to your January 18, 2006 Freedom of Information Act (FOIA) appeal regarding FOIA 05-361, in which you requested the release of information withheld in the records pertaining to the deaths of two elephants at the Culpepper & Merriweather Circus (license #73-C-0144).

There are 264 pages of responsive records at issue in your FOIA appeal, 235 pages of which were withheld in part in response to your initial request, and 29 pages of which were withheld in full. Upon careful consideration of your FOIA appeal, I have determined that additional information should be released from 222 pages, which were provided initially in redacted form. I uphold the redactions that were made on the other 13 pages of redacted documents. In addition, I have decided that 28 pages that were withheld in full shall be provided in redacted form. Also, I affirm the decision to withhold 1 page (a witness list) in its entirety. The witness list is being withheld and the redactions are being made in accordance with FOIA Exemptions 6 and 7(C). Out of the 263 redacted pages, 4 pages contain information that is redacted under FOIA Exemption 4.

FOIA Exemption 6 exempts from disclosure information contained in personnel or medical files, or similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U S C 552(b)(6). The information redacted from the 263 pages of responsive records identifies individuals, including witnesses and USDA employees, who were associated with an investigation of violations of the Animal Welfare Act. The information redacted that would identify these individuals includes: names, telephone numbers, addresses, and social security numbers. I have determined that these individuals have privacy interests in their personal identifying information, and their association with the investigation. Even absent any fear of reprisals, witnesses who provide information to investigative personnel, including administrative and civil bodies, are ordinarily accorded privacy protection. See <u>Tenaska Wash. Partners v. United States Dep't of Energy</u>, No 8:96-128, slip op. at 6-8 (D Neb. Feb 19 1007).

Ms Lori Kettler
Page 2

Further, I have determined that the public interest in disclosure under the FOIA would not be advanced by disclosing the personal identifying information of these individuals. Revealing the personal information of these individuals would not educate the public about the activities of USDA in general, or APHIS specifically. Balancing the privacy interests of the individuals mentioned in the investigative records against the public interest that would be advanced by the disclosure of their personal identifying information, I have determined that their personal information should be redacted because their privacy interests outweigh the public interest that would be gained by the disclosure of the redacted information.

The one page that is withheld in full is a witness list identifying private parties who cooperated with the investigation. This list contains names, addresses and telephone numbers for these individuals. I have determined that these individuals have privacy interests in being associated with the investigation, and in their names, addresses, and telephone numbers in general. In addition, the public interest would not be advanced by releasing this witness list as it would not educate the public about governmental activities. Therefore, I determined that this list should be withheld in full because the privacy interests of the individuals mentioned on the list outweigh the public interest that would be gained by the disclosure of the witness list.

Exemption 7(C) exempts from disclosure information contained in law enforcement records, the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. 552(b)(7)(C). Compounded with the protection of FOIA Exemption 6, Exemption 7(C) of the FOIA protects the personal privacy of individuals mentioned in APHIS Animal Care investigative reports. The courts have recognized that the mere mention of an individual's name in a law enforcement file will usually "engender comment and speculation and carr[y] a stigmatizing connotation" sufficient to invoke Exemption 7(C) privacy interest protection. See Lesar v. United States Dep't of Justice, 636 F.2d 472, 488 (D.C. Cir. 1980). As with my determination under Exemption 6, I have decided that the personal identifying information of certain individuals mentioned in these 263 redacted pages of responsive records should be withheld under Exemption 7(C) because the privacy interests of these affected individuals outweigh the public interest that would be advanced by the disclosure of the redacted information. I also determined that the one-page witness list should be withheld in full under Exemption 7(C) because the privacy interest of the individuals mentioned on that list trump the public interest that would be gained by its disclosure.

Ms. Lori Kettler
Page 3

FOIA Exemption 4 protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential. 5 U.S.C 552(b)(4) The redacted information contained in the 4 pages reveals banking account information of an organization associated with the investigation. I have decided that this banking account information is protected from public disclosure under Exemption 4.

After careful review and consideration, I have decided to grant your appeal in part, and deny your appeal in part. This is the final agency decision in this matter. You may, if you wish, seek judicial review of this decision in an appropriate United States District Court pursuant to 5 U.S.C 552 (a)(4)(B).

Sincerely,

*Kevin Shea /for*

W. Ron DeHaven
Administrator