UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Civil Action No. 06-0930(RMC) ) |
| U.S. DEPARTMENT OF AGRICULTURE, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME
TO COMPLY WITH A PROVISION OF THE COURT'S JUNE 11, 2007 ORDER
AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, defendant, the U.S. Department of Agriculture, by and through its undersigned attorneys, respectfully moves for an extension of time up to and including July 25, 2007 to produce information to plaintiff required by this Court's June 11, 2007 Order. Specifically, the Court ordered that defendant produce to plaintiff "information regarding the location of the Le Mas ammunition testing. . .no later than June 25, 2007."[1] R. 32, Order. Pursuant to Local Rule 7(m), defendant's counsel contacted plaintiff's counsel to consult on this non-dispositive motion and was informed that plaintiff takes no position on the relief requested herein. In support of the motion, defendant states the following.

The Solicitor General's Office is responsible for making determinations on whether to appeal a District Court decision. Because that decision has not yet been made (and conveyed to defendant's undersigned counsel), defendant moves for the extension described herein. Defendant's position is consistent with applicable case law. In Providence Journal Co. v. FBI,

---

[1] Today, June 25, 2007, Defendant timely complied with the Court's Order requiring Defendant to submit, *in camera*, the CD recording of the phone call to USDA from a witness to the tiger attack on Mr. Roy Horn.

595 F.2d 889 (1st Cir. 1979), the plaintiff sought to obtain under the FOIA certain FBI documents concerning a wiretap. The district court ordered the records disclosed. The First Circuit, after only a short stay was granted by the district court, recognized that failure to grant a stay would completely undercut the government's right to secure meaningful review, and that a stay would be detrimental to the plaintiff only to the extent that it postponed the moment of disclosure. In addressing the importance of granting a stay in cases where the disclosure of documents is sought, the First Circuit stated:

> This Court necessarily approaches the matter from a different perspective. While we give weight to the views of the District Court, the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal. Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court, <u>before it becomes irrevocable</u>. Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. <u>The status quo could never be restored</u>.

Id. at 890 (emphasis added).

The Supreme Court has also determined that a stay of a disclosure order in a FOIA case pending appeal is clearly warranted. In <u>John Doe Agency v. John Doe Corp.</u>, 488 U.S. 1306 (1989), Justice Marshall held that compliance with a court's disclosure order creates an irreparable injury for the government because it moots any appeal from such an order. 488 U.S. at 1309. Similarly, in <u>Department of Justice v. Rosenfeld</u>, 501 U.S. 1227 (1991), the Court granted an application for a stay of a disclosure order in a FOIA case pending final disposition of the appeal of that order by the Ninth Circuit Court of Appeals.

As the cases cited above show, failure to defer release of the information at issue here would totally frustrate the government's right to appellate review and would result in irreparable harm. Once disclosure has been made, that harm cannot be remedied. Moreover, the effect on plaintiff would be relatively insignificant because the requested extension here would merely

postpone the moment of disclosure if the government ultimately decides not to appeal or is unsuccessful in the event an appeal is taken.

    A proposed Order consistent with the relief requested herein is attached.

Date: June 25, 2007

                              Respectfully Submitted,


                              /s/ Jeffrey A. Taylor /dvh
                              _____
                              JEFFREY A. TAYLOR, D.C. BAR #498610
                              United States Attorney

                              /s/ Rudolph Contreras /dvh
                              _____
                              RUDOLPH CONTRERAS, D.C. BAR #434122
                              Assistant United States Attorney

                              /s/ Beverly M. Russell

                              _____
                              BEVERLY M. RUSSELL, D.C. Bar #454257
                              Assistant United States Attorney
                              U.S. Attorney's Office for the District of Columbia,
                               Civil Division
                              555 4th Street, N.W., Rm. E-4915
                              Washington, D.C.  20530
                              Ph:  (202) 307-0492

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Motion for an Extension of Time to Comply With a Provision of the Court's June 11, 2007 Order and Memorandum in Support Thereof*** was sent by the Court's Electronic Case Filing System, this 25th day of June, 2007 to:

Erin M. Tobin, Esq.
Katherine A. Meyer, Esq.
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, N.W., Suite 700
Washington, D.C. 20009
erintobin@meyerglitz.com
katherinemeyer@meyerglitz.com

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney