UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-930 (RMC) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

    The People for the Ethical Treatment of Animals ("PETA") filed this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the U.S. Department of Agriculture ("USDA"). In this suit, PETA seeks the disclosure of a CD recording of a phone call, a call allegedly to USDA from a witness to the tiger attack on performer Roy Horn.[1] USDA contends that the entire CD is exempt from disclosure based on the privacy interest of the caller because the caller could be identified by the sound of his/her voice. USDA further alleges that the information on the CD reveals nothing about USDA activities. On June 11, 2007, the Court issued its Memorandum Opinion and Order granting in part and denying in part USDA's motion to dismiss or for summary judgment and granting in part and denying in part PETA's cross-motion for summary judgment. *See* [Dkt. ## 31 & 32].

    In the Memorandum Opinion and Order, the Court ordered USDA to submit to the Court for in camera inspection the CD recording of the phone call regarding the tiger attack. The

---

[1] PETA also seeks other information in this FOIA suit, information that is not at issue here.

Court explained the parameters of the personal privacy exemption as follows:

> Exemption 6 permits an agency to withhold from disclosure "personnel and medical files and similar files" if their disclosure would "constitute a clearly *unwarranted invasion of personal privacy*." 5 U.S.C. § 522(b)(6) (emphasis added). Exemption 7(C) also exempts disclosure of information based on privacy concerns by permitting an agency to withhold from disclosure information that is "compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an *unwarranted invasion of personal privacy*." 5 U.S.C. § 522(b)(7)(C) (emphasis added). . . .
>
> . . . .
>
> To determine whether an agency has properly invoked the personal privacy exemption, the court must balance the public interest in disclosure against the privacy interest the exemption is intended to protect. *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989) (balancing test applies to Exemption 7(C)); *see also Dep't of State v. Ray*, 502 U.S. 164, 175 (1991) (balancing test applies to Exemption 6). In applying this balancing test, courts consider the nature of the document at issue and the document's relation to the core purpose of FOIA, that is, "to open agency action to the light of public scrutiny." *Reporters Comm.*, 489 U.S. at 774. The purpose of FOIA "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." *Id.* at 773. Thus, in *Reporters Committee*, the Supreme Court held that Exemption 7(C) protected from disclosure the FBI rap sheets of individuals accused of improperly obtaining defense contracts through a corrupt Congressman. The Court explained that while there was some public interest in obtaining the information, disclosure would not fall within the central purpose of FOIA because it would reveal nothing about the behavior of the Congressman or the Department of Defense. *Id.* at 774.
>
> In *O'Keefe v. Dep't of Defense*, 463 F. Supp. 2d 317 (E.D.N.Y. 2006), the court balanced the privacy interest that government employees have in protecting their identities against the public interest in disclosure. In that case, an Army soldier sought the disclosure of the names and other identifying information that had been redacted from documents the soldier had received pursuant to a FOIA request. The information redacted could be used to identify

> Department of Defense employees who had investigated the soldier's allegations of misconduct by his commanding officers. Because release of the identities of the Department of Defense employees could subject them to harassment or embarrassment and because the release of the names would "shed little, if any, light on how the DOD conducted [the] investigation" of alleged misconduct, the court found that the information was exempt from disclosure under Exemption 7(C). *Id*. at 324.

Mem. Op. at 7-9.

In its motion to dismiss or for summary judgment, USDA claimed that because the witness's privacy interest outweighed the public interest in disclosure, the CD was exempt from disclosure. PETA contended that USDA's conclusory assertion that the CD does not relate to agency activities was insufficient to support a claim of exemption. The Court could not determine based on the information before it whether the recording related to USDA activities, and thus the Court ordered USDA to submit the CD recording for an in camera review. *Id*. at 12 & 16.

USDA submitted the CD recording, and the Court has reviewed it in camera. The recording is a message from an individual who did not witness the tiger attack on Mr. Horn but who was speculating on its causes and offering suggestions for investigation into "economic terrorism." The caller did not provide an identity, suggesting a reluctance to be made public. If USDA were to release the CD, the caller could be identified by the sound of his/her voice, and thus the information is exempt from disclosure due to privacy concerns under Exemption 7(C). Release of the caller's identity could subject him/her to harassment or embarrassment. *See O'Keefe*, 463 F. Supp. 2d at 324. Moreover, the release would not shed light on how USDA conducted its investigation into the tiger attack. *See Reporters Comm.*, 489 U.S. at 773 (the purpose of FOIA "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct"); *O'Keefe*, 463 F. Supp. 2d at 324 (release

of the names of Department of Defense employees who had investigated a soldier's allegations of misconduct by his commanding officers was not required because it would not shed light on how DoD conducted its investigation).

Because the CD recording is exempt from disclosure under Exemption 7(C), USDA's motion to dismiss or for summary judgment will be granted, and PETA's cross-motion for summary judgment will be denied, with regard to this issue. A memorializing order accompanies this Memorandum Opinion.


Date:   June 27, 2007                                  /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge